FILED
CLERK

9:49 am, Apr 22, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
JAMES S. GENTILE,

            Plaintiff,                    MEMORANDUM & ORDER
                                          21-CV-1345 (JS)(ARL)
    -against-

TOURO LAW CENTER,

            Defendant.
--------------------------------X
APPEARANCES
For Plaintiff:      Lois M. Rowman, Esq.
                    195 East Main Street
                    Smithtown, New York  11787

For Defendant:      Janice Sued Agresti, Esq.
                    Cozen O'Connor
                    3WTC 175 Greenwich Street, 55th Floor
                    New York, New York  10007

                    Mariah L. Passarelli, Esq.
                    Cozen O'Connor
                    One Oxford Centre, 41st Floor
                    301 Grant Street
                    Pittsburgh, Pennsylvania  15219

                    Michael B. Newman, Esq.
                    500 Seventh Avenue, Fourth Floor
                    New York, New York  10018
```

SEYBERT, District Judge:

Touro Law Center ("Defendant" or "Touro") moves, pursuant to Local Civil Rule 6.3, for reconsideration (the "Reconsideration Motion") (ECF No. 48) of that part of the Court's March 20, 2024 Memorandum & Order (the "March Order") (ECF No. 47) which denied Touro's Motion to Dismiss the ADEA claim of James S. Gentile ("Plaintiff").  Alternatively, Touro asks this Court to

modify the March Order to include a certification for interlocutory appeal (the "Interlocutory Appeal Request"). For the reasons that follow, Defendant's Reconsideration Motion is DENIED. Likewise, Touro's Interlocutory Appeal Request is DENIED.

## BACKGROUND

For a thorough recitation of the factual and procedural background of this case, the Court refers the parties to the March Order, which granted in part and denied in part Touro's Dismissal Motion. (See March Order at 2-7.)[1] The Court recites only those facts necessary to resolve the instant motion.

## PROCEDURAL HISTORY

On March 20, 2024, this Court granted in part and denied in part Touro's Dismissal Motion. (Id. at 24.) Specifically, the Court granted Touro's Dismissal Motion as to Plaintiff's ADA and USERRA Claims but denied Defendant's Dismissal Motion as to Plaintiff's ADEA claim. (Id.) In declining to dismiss Plaintiff's ADEA claim, the Court observed that it could not "adequately evaluate" whether Maligore's remark during Plaintiff's interview, that Touro "wanted to hire someone who would 'stay with the job

---

[1] The March Order is also available via its Westlaw citation. See Gentile v. Touro Law Ctr., No. 21-CV-1345, 2024 WL 1199512 (E.D.N.Y. Mar. 20, 2024). Terms of art defined in the March Order are hereby incorporated by reference into this Order, familiarity with which is presumed.

2

for many years'", was a mere stray remark, or whether it bore some more ominous significance, without the benefit of a developed record. (Id. at 8-15.) The Court observed that the speaker of the comment, Maligore, was Plaintiff's interviewer, and that at the motion to dismiss stage it was fair to infer, as the person conducting Plaintiff's interview, Maligore could have played an influential role in shaping the Dean's final hiring decision. (Id. at 14 n.8.) Given that the remark was allegedly made in Plaintiff's interview, the comment also bore a meaningful nexus to the adverse employment decision of which Plaintiff complained. (Id.) Consequently, the Court concluded that, "while the stray remarks of a decision-maker, without more, cannot prove a claim of employment discrimination" (id. (internal alterations, quotation marks and citation omitted)), Plaintiff's FAC pled facts "to sufficiently establish a plausible inference that age may have played an improper consideration in Defendants' decision not to hire Plaintiff." (Id. at 13.) The Court highlighted it could more fairly assess the probative nature of the Maligore remark if there was a more developed record, where such remark could be considered within the totality of the evidence. (Id. at 14.)

On April 3, 2024, Touro filed the instant Motion.

3

ANALYSIS

I. Legal Standard

    A. Motions for Reconsideration

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3." United States v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). A motion for reconsideration is appropriate under Rule 59(e) when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and re-litigate arguments and issues already considered by the Court in deciding the original motion. See Colon v. N.Y.C. Hous. Auth., No. 16-CV-4540, 2024 WL 714681, at *4 (S.D.N.Y. Feb. 21, 2024) ("A motion for reconsideration is not an invitation to 'reargue those issues already considered when a party does not like the way the original motion was resolved.'" (quoting Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997))). Nor is it proper to raise new arguments and issues. Mikhaylova v. Bloomingdale's Inc., No. 19-CV-8927, 2022 WL 17986122, at *1 (S.D.N.Y. Dec. 29, 2022) ("A motion for reconsideration is not 'an occasion for repeating old arguments previously rejected nor an

4

opportunity for making new arguments that could have been previously advanced.'") (quoting Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005))). Local Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions" which the party believes the court has overlooked. Alexander v. JP Morgan Chase Bank, N.A., No. 19-CV-10811, 2024 WL 1193421, at *1 (S.D.N.Y. Mar. 20, 2024) (alteration in original). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Medoy v. Warnaco Empls'. Long Term Disability Ins. Plan, No. 97-CV-6612, 2006 WL 355137, at *1 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court."); Pickering-George v. Atty. Gen. of U.S., No. 10-CV-1103, 2011 WL 52363, at *1 (E.D.N.Y. Jan. 5, 2011) (Seybert, J.) (same); accord Miller v. Smith, No. 21-CV-2949, 2021 WL 5416624, at *1 (E.D.N.Y. Nov. 18, 2021) (Seybert, J.) (same).

B.   Certification for Interlocutory Review

A district court may only "certify an issue for interlocutory review . . . if it decides that an order 'involves a controlling question of law as to which there is substantial ground for difference of opinion'" and, additionally, "'that an immediate appeal . . . may materially advance the ultimate termination of the litigation.'" Hermès Int'l v. Rothschild, 590 F. Supp. 3d 647, 650 (S.D.N.Y. 2022) (quoting 28 U.S.C. § 1292(b)). "[A] '"question of law" [is one] . . . that the reviewing court could decide quickly and cleanly without having to study the record.'" Youngers v. Virtus Inv. Partners, Inc., 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (quoting Capitol Records, LLC v. Vimeo, LLC, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013)). A question of law is considered controlling "if reversal of the district court's order would terminate the action." Id. (quoting Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990)). "To establish that there is a substantial 'difference of opinion' between courts that warrants interlocutory review, litigants must do more than just 'claim that the court's ruling was wrong' or point to modest disagreements between different courts on an issue in dispute." Hermès Int'l, 590 F. Supp. 3d at 651 (quoting Mills v. Everest Reinsurance Co., 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009)) see also Bayron-Paz v. Wells Fargo Bank, N.A.,

6

No. 22-CV-6122, 2023 WL 4706161, at *1 (S.D.N.Y. July 24, 2023) ("A motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" (quoting Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012))).  Instead, "[t]his element 'may be satisfied where the issues are difficult and of first impression . . . or where the party seeking interlocutory review can point to a substantial split in Second Circuit district court rulings on this issue.'"  Lanzillotta v. GEICO Emps. Ins. Co., No. 19-CV-1465, 2021 WL 2381905, at *2 (E.D.N.Y. June 10, 2021) (quoting In re Air Crash at Georgetown, Guy. on July 30, 2011, 33 F. Supp. 3d 139, 155 (E.D.N.Y. 2014)).

"Given the general policy of deferring appellate review until after the entry of a final judgment, interlocutory review is granted only in 'exceptional circumstances.'"  Schansman v. Sberbank of Russ. PJSC, No. 19-CV-2985, 2024 WL 1468414, at *2 (S.D.N.Y. Mar. 28, 2024) (quoting In re Flor, 79 F.3d 281, 284 (2d Cir. 1996)).  "The party seeking an interlocutory appeal has the burden of showing [these] 'exceptional circumstances' to 'overcome the general aversion to piecemeal litigation.'"  Id. (quoting In re Perry H. Koplik & Sons, Inc., 377 B.R. 69, 73 (S.D.N.Y. 2007) (alterations in original)).  Whether the party seeking interlocutory appeal has met this burden is "committed to the

7

discretion of the district court." Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991).

II. Discussion

    A.   Defendant's Reconsideration Motion is Denied

In support of its Reconsideration Motion, in sum, Touro argues the Court erred in concluding that Maligore's statement to Plaintiff, made during Plaintiff's interview, sufficed to "establish a plausible prime facie case of age discrimination." (Reconsideration Motion at 2-5.)  Touro characterizes Maligore's statement as a "stray remark" which cannot constitute a sufficient basis for sustaining Plaintiff's ADEA claim.[2]  (Id.)  Additionally,

---

[2] In the March Order the Court acknowledged that "stray remarks of a decision-maker, without more, cannot prove a claim of employment discrimination" (March Order at 13-14), but that such comments "may bear a more ominous significance when considered within the totality of the evidence." (Id. at 14 (internal quotation marks omitted).)  The Court highlighted, courts in the Second Circuit are required to analyze whether isolated statements are "probative of discriminatory intent" with reference to four factors. (Id. at 12.)  Those factors are:

> (1) who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e., whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to the decision-making process).

(Id. quoting Harvey v. Town of Grenwich, No. 21-CV-0771, 2023 WL 5894537, at *5 (D. Conn. Sept. 11, 2023)).  Here, Plaintiff's FAC alleged that the remark at issue was made by his interviewer during his interview for the VA Position. (Id. at 13.)  The Court found

8

Touro reasserts its argument that Gentile cannot plead ADEA, ADA, and USERRA claims in the alternative considering the "but-for" causation requirements to prove these claims. (Id. at 3-4.)

The Court finds Touro's arguments are merely a regurgitation of the theories it previously presented to the Court as part of its Dismissal Motion.[3] This is a patently inappropriate

---

that without the benefit of a more developed record it could not fairly evaluate the probative nature of the Maligore remark. (Id. at 14.) Additionally, while the FAC does not allege that Maligore was the final decision-maker, the Court noted it was plausible to infer that, as Plaintiff's interviewer, Maligore may have influenced the Dean's ultimate decision not to hire Plaintiff. (Id. at 14 n.8.) The Court again reiterates that at the motion to dismiss stage it must accept as true all factual statements alleged in the FAC and draw all reasonable inferences in Plaintiff's favor, which is what it did in ruling upon Touro's underlying Dismissal Motion.

[3] Touro fails to identify "matters or controlling decisions" that would have influenced the Court's prior decision. The cases which Touro has presented to the Court are inapposite. First, in Kouassi v. New York City Department of Homeless Services, the Kouassi court found plaintiff's complaint "provide[d] no context to [the] lone remark", that the plaintiff failed to "allege that the content of [the lone remark] was discriminatory"; or that there was a nexus between the remark and the adverse employment decision at issue. No. 14-CV-7445, 2017 WL 4342093, at *5 (E.D.N.Y. Sept. 25, 2017). Here, Plaintiff has provided context for the remark; said remark occurring during his interview for the VA Position. Likewise, the FAC plausibly alleges there was a nexus between the remark and the adverse employment action. (See March Order at 13-14.) Similarly, Plaintiff has pled that he viewed the remark as discriminatory. (Id. at 12.) Importantly, the Kouassi Court engaged in an analysis of the same factors identified by this Court in considering whether the remark in that case could be disregarded as "stray" or "isolated". Kouassi, 2017 WL 4342093, at *5.

As to Timbie v. Eli Lilly & Co., this case merely highlights what the Court previously acknowledged, to wit, a stray remark without more cannot prove a claim of employment discrimination. 429 F.

9

basis upon which to file a motion for reconsideration.  See Colon, 2024 WL 714681, at *4; see also Babcock v. Comput. Assocs. Int'l,

---

App'x 20, 24 (2d Cir. 2011).  Significantly, the Court in Timbie was reviewing a district court's grant of summary judgment with the benefit of a developed record.  While a plaintiff asserting an employment discrimination claim under the ADEA must plausibly allege that but-for his age the adverse employment action taken against him would not have occurred, "[a]t the pleadings stage, an ADEA plaintiff may establish but-for causation either 'by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.'" (March Order at 10 (quoting Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015) (emphasis added).)

Here, the March Order highlighted, in conjunction with the Maligore remark, Plaintiff's FAC alleged: (1) Plaintiff was not offered the VA Position despite being told he was the best candidate for the job (id. at 3); (2) Plaintiff was highly qualified for the position (id. at 3-4); (3) a younger and more inexperienced candidate was preferred over him (id. at 5); and (4) Touro hired the younger candidate notwithstanding the younger candidate did not meet certain criteria Touro identified as required in its job posting (id. at 5, 5 n.4).  Based upon all these facts, and the procedural posture of the case, the Court found the FAC alleged facts giving rise to a plausible inference of discrimination.  (Id. at 14.)  To the extent Touro suggests Plaintiff should be required to present evidence to substantiate his claims at this stage, if the Court were to have followed that suggestion, it would have committed legal error.  See Davis v. Metro N. Commuter R.R., No. 23-CV-1041, 2024 WL 1434284, at *2 n.2 (2d Cir. Apr. 3, 2024) (highlighting, where district court made reference to a lack of evidence when ruling on a motion to dismiss that "it would have been erroneous for the district court to require [plaintiff] to produce evidence to survive a motion to dismiss").  Touro's argument is one more appropriately raised in the context of a summary judgment motion, after the factual record has been fully developed.  See Ingrassia v. Health & Hosp. Corp., 130 F. Supp. 3d 709, 722-23 (E.D.N.Y. 2015) (stating, where plaintiff's hostile work environment claim was premised upon allegations of discriminatory remarks, "[w]hether [plaintiff could] plausibly establish a prima facie case of discrimination . . . [was] a question better addressed at the summary judgment stage").

10

No. 00-CV-1648, 2007 WL 526601, at *3 (E.D.N.Y. Feb. 9, 2007) ("This Court cannot merely consider the same arguments that were previously submitted."). Indeed, such a motion may only be granted where the Court has overlooked "controlling decisions or data . . . that might reasonably be expected to alter the conclusions reached by the Court." Id. Touro's Reconsideration Motion is premised upon Touro's belief that the Court erroneously resolved its Dismissal Motion; again, this is improper. See Howard v. Consol. Edison Co. of N.Y., Inc., No. 17-CV-0364, 2022 WL 2541387, at *1 (E.D.N.Y. July 7, 2022) ("A motion for reconsideration is not an opportunity 'to reargue those issues already considered when a party does not like the way the original motion was resolved'" (quoting In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996))). Consequently, finding it to be baseless, Touro's Reconsideration Motion is DENIED.

    B.    <u>Defendant's Alternative Request, that the Court Modify the March Order to Include a Certificate of Interlocutory Appeal, is Also Denied</u>

In the alternative, Touro requests the Court amend the March Order so as to permit it to pursue an interlocutory appeal. Touro avers:

> the controlling question of law at issue is whether the existence of an alleged stray remark is sufficient to establish a claim for age discrimination in violation of the ADEA at the Motion to Dismiss Stage. In other words, can an alleged stray remark sufficiently support the ADEA's but-for causation standard,

11

> particularly where the defendant offers alternative explanations for the adverse employment actions.

(Reconsideration Motion at 6.) Since the Court previously dismissed all of Plaintiff's remaining claims, Touro contends an immediate appeal of the Court's March Order "would materially advance the ultimate termination of the litigation." Id.

The Court finds Touro has failed to demonstrate the existence of exceptional circumstances warranting the certification of an interlocutory appeal. See Meselsohn v. Lerman, No. 06-CV-4115, 2007 WL 9710989, at *5 (E.D.N.Y. Aug. 1, 2007) (denying request for certification of interlocutory appeal after denying defendant's motion to dismiss since, "[a]t this early stage of the litigation, before the parties have even had the opportunity to engage in discovery, there is no reason to certify an appeal"). Moreover, Touro's proffered question of law is not one "of first impression"; nor has Touro demonstrated there is a substantial split in the Second Circuit on this issue. First, the Court's finding that Plaintiff could plead his ADEA, ADA, and USERRA claims in the alternative, notwithstanding the but-for causation standard required of certain claims, is in harmony with Judge Spatt's decision in Fagan v. U.S. Carpet Installation, Inc. 770 F. Supp. 2d 490 (E.D.N.Y. Mar. 10, 2011).[4] Similarly, the Second Circuit

---

[4] Touro futilely attempts to distinguish the facts in Fagan from the facts of the case at bar; it argues that the Fagan Court's

has already provided district courts with guidance in determining whether a stray remark can be probative of discriminatory intent. See e.g., Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 149 (2d Cir. 2010). Indeed, the Court cited to, and applied, the relevant

---

findings regarding alternative pleading are not applicable here. (See Reconsideration Motion at 3-4.) Touro's argument in this regard misses the mark; indeed, the facts of the two cases are immaterial. In finding the Fagan plaintiffs could plead alternate theories for their discharge, Judge Spatt anchored his decision, not in an analysis of the facts of the case but, in the plain language of Federal Rule of Civil Procedure 8(d). Specifically, Judge Spatt stated:

> As set forth in Federal Rule of Civil Procedure 8(d)(2), a party pleading in the alternative does not have [to] separately identify the statements as alternative theories in separate counts or factual allegations. Rather, Rule 8(d)(2) states that "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." In addition, pursuant to Federal Rule of Civil Procedure 8(d)(3), "[a] party may state as many separate claims or defenses as it has, regardless of consistency." As the Second Circuit has noted, "[t]he flexibility afforded by Rule 8([d])(2) is especially appropriate in civil rights cases, in which complex inquiries into the parties' intent may sometimes justify raising multiple, inconsistent claims."

Fagan, 770 F. Supp. 2d at 496 (internal citations omitted). Outside of this Circuit, courts have, likewise concluded, that Rule 8(d) permits a plaintiff to plead in the alternative an ADEA and ADA claim. See Savage v. Secure First Credit Union, No. 15-12704, 2016 WL 2997171, at *1 (11th Cir. May 25, 2016) (summary order) (reversing and remanding district court order where district court found plaintiff could not plead an ADEA claim and an ADA claim in the alternative and holding "[i]t is a well-settled rule of federal procedure that plaintiffs may assert alternative and contradictory theories of liability").

13

holding from <u>Henry</u> in adjudicating Touro's Dismissal Motion. (<u>See</u> March Order at 12-15; <u>see also</u> <u>supra</u> n.2.) Like its Reconsideration Motion, at base, Touro's request for interlocutory review is anchored in its contention that the Court's finding was erroneous; this is improper. <u>See</u> <u>Morris v. Flaig</u>, 511 F. Supp. 2d 282, 318 (E.D.N.Y. 2007) ("A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." (quoting <u>In re Citigroup Pension Plan Erisa Litig.</u>, No. 05-CV-5296, 2007 WL 1074912, at *2 (S.D.N.Y 2007))); <u>see also</u> <u>In re Anderson</u>, 550 B.R. 228, 238 (S.D.N.Y. 2016) ("Mere conjecture that courts would disagree on the issue or that the court was incorrect in its holding is not enough; '[f]or there to be a "substantial ground for difference of opinion" under the law, 28 U.S.C. § 1292(b), there must be a "substantial doubt" that the district court's order was correct.'" (quoting <u>SPL Shipping Ltd. V. Gujarat Cheminex Ltd.</u>, No. 06-CV-15375, 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007))).

Thus, like its Reconsideration Motion, Touro's Interlocutory Appeal Request is DENIED.

14

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration and/or Certification of an Interlocutory Appeal (ECF No. 48) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 22, 2024
       Central Islip, New York

15